**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------

TANIUSCA SANTAMARIA                          :
457 West Fisher Ave.                         :          CIVIL NO. _____
Philadelphia, PA 19120                       :
                                             :          JURY TRIAL DEMANDED
                                             :
                             Plaintiff,      :
                 v.                          :
                                             :
                                             :
FRESHLY BAKED, LLC d/b/a                      :
PARIS BAGUETTE                               :
923 Arch Street, FL 1                        :
Philadelphia, PA 19107; and                  :
                                             :
LCW INVESTMENT GROUP LLC d/b/a               :
PARIS BAGUETTE                               :
2220 Cottman Ave, FL 1                       :
Philadelphia, PA 19149                       :
                                             :
                                             :
                             Defendants.     :
---------------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff Taniusca Santamaria ("Plaintiff"), by and through her undersigned attorney, for

her Complaint against Defendants Freshly Baked, LLC d/b/a Paris Baguette ("Freshly Baked")

and LCW Investment Group LLC d/b/a Paris Baguette ("LCWIG") (collectively, "Defendants"),

alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this Complaint contending that Defendants unlawfully failed to

pay her overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, *et seq*., and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et*

*seq*.

2.    Specifically, Plaintiff contends that Defendants unlawfully misclassified her as exempt from overtime compensation under the FLSA and PMWA, thus failing to pay her overtime compensation for all hours worked over forty (40) in a workweek.

## PARTIES

3.    Plaintiff Taniusca Santamaria is a resident of Pennsylvania, and currently maintains a residence at 457 West Fisher Ave, Philadelphia, PA 19120.

4.    Upon information and belief, Defendant Freshly Baked LLC d/b/a Paris Baguette is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business registered with the Pennsylvania Secretary of State of 923 Arch Street, Philadelphia, PA 19107.  Upon information and belief, Defendant Freshly Baked LLC does business as Paris Baguette, holding a City of Philadelphia Food Facility License for its business location at 600 Washington Avenue, Philadelphia, PA 19147, at which location Plaintiff was employed at all times relevant hereto.

5.    Upon information and belief, Defendant LCW Investment Group LLC d/b/a Paris Baguette is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business registered with the Pennsylvania Secretary of State of 2220 Cottman Avenue, Fl 1, Philadelphia, PA 19149.  Upon information and belief, Defendant LCW Investment Group LLC d/b/a Paris Baguette is the owner and operator of the Paris Baguette franchise located at 600 Washington Avenue, Philadelphia, PA 19147, at which location Plaintiff was employed at all times relevant hereto.

6.    Upon information and belief, Defendants Freshly Baked, LLC and LCW Investment Group LLC are a joint, single, and/or integrated employer with respect to the Paris Baguette franchises they operate and staff they employ, including, but not limited to Plaintiff.

2

Upon information and belief, Defendants share common owners, employees, and management, offices and supplies, and administrative resources, and collectively assert control over said individuals for purposes of hiring, firing, discipline, assigning, directing, and setting and enforcing payroll and other administrative policies.

7.    Defendants are "employers" covered by the FLSA.

8.    Defendants are a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, they had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

9.    During the course of her employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA.

10.    Plaintiff was employed by Defendants during all relevant times hereto and, as such, was an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

11.    At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant thereto in the course and scope of their employment with and for Defendants.

**JURISDICTION AND VENUE**

12.    This court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

13.    This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3

14.    This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her FLSA claims.

15.    The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendants reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania.

## FACTUAL ALLEGATIONS

16.    Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17.    Plaintiff began her employment with Defendants in or around April 2021 in the position of Baker/Cake Preparer.

18.    Defendants paid Plaintiff a semi-monthly salary of $1,500.

19.    Plaintiff's primary job duties consisted of manual labor, including the preparation of food and menu items, specifically cakes.

20.    Plaintiff typically worked six (6) days per week, ten (10) hours per day for Defendants.

21.    Although Plaintiff thus typically worked sixty (60) or more hours per week, she did not receive any additional compensation, let alone overtime compensation, for the approximately twenty (20) hours of overtime she worked per week.

22.    For example, during the workweek of September 16, 2024 to September 22, 2024 Plaintiff worked at least sixty (60) hours, but did not receive any overtime compensation for the twenty (20) hours or more she worked that week.

4

23.    Defendants unlawfully misclassified Plaintiff as overtime-exempt under the FLSA and PMWA, or else simply failed to pay Plaintiff overtime compensation as required by the same.

24.    Plaintiff did not have any direct reports, let alone customarily and regularly direct the work of two or more other employees, nor did she have the authority to hire or fire other employees, nor did she make suggestions or recommendations regarding personnel decisions to which Defendants gave particular weight.

25.    Accordingly, Plaintiff did not qualify for the "executive" or managerial exemption from overtime under the FLSA and/or PMWA.

26.    Plaintiff's primary job duties involved manual labor, rather than the performance of office or non-manual work directly related to Defendant's management or general business operations.

27.    Moreover, Plaintiff did not exercise discretion and independent judgment with respect to matters of significance to Defendants.

28.    Accordingly, Plaintiff did not qualify for the exemption from overtime for administrative employees under the FLSA and/or PMWA.

29.    As indicated above, Plaintiff's primary job duties involved routine manual work, rather than the performance of work requiring invention, imagination, originality, or talent in a recognized artistic or creative endeavor.

30.    Accordingly, Plaintiff did not qualify for the exemption from overtime for creative professionals under the FLSA and/or PMWA.

31.    No other exemptions from the overtime compensation requirements of the FLSA and/or PMWA were applicable to Plaintiff.

32.     Upon information and belief, Defendants willfully paid Plaintiff a salary without overtime compensation, despite knowing that her non-exempt job duties, which as stated above consisted of manual labor, categorically disqualified her from any of the exemptions from the overtime requirements of the FLSA and PMWA.

33.     Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendant.

34.     Defendants failed to pay Plaintiff at a rate of 1.5 times her regular rate of pay for each hour she worked in excess of forty (40) hours in a work week.

35.     As a result of Defendants' aforesaid illegal actions, Plaintiff has suffered damages.

### COUNT I
### FAIR LABOR STANDARDS ACT
### 29 U.S.C § 201, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

36.     Paragraphs 1 through 35 are hereby incorporated by reference as though the same were fully set forth at length herein.

37.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

38.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

39.     According to the policies and practices of Defendants, Plaintiff was required to work in excess of forty (40) hours per week.  Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of forty

(40) hours per week in violation of the FLSA.  In fact, Plaintiff was only paid the same salary, regardless of the number of hours actually worked.

40.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

41.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

42.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B.     Awarding Plaintiff unpaid overtime wages in an amount consistent with the FLSA;

C.     Awarding Plaintiff liquidated damages in accordance with the FLSA;

D.     Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E.     Awarding pre- and post-judgment interest and court costs as further allowed by law; and

F.     Such other and further relief as is just and equitable under the circumstances.

7

<u>**COUNT II**</u>
<u>**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**</u>
<u>**43 P.S. § 333, *et seq.***</u>
<u>**FAILURE TO PAY OVERTIME COMPENSATION**</u>

43.     Paragraphs 1 through 42 are hereby incorporated by reference as though the same were fully set forth at length herein.

44.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to their employees.  <u>See</u> 43 P.S. § 333.113.

45.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  <u>See</u> 43 P.S. § 333.113.

46.     By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

47.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs, and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A.     An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B.     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C.    An award to Plaintiff for any other damages available to her under applicable

Pennsylvania law, and all such other relief as this Court may deem proper.


## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:    /s/ Michael Groh
       Michael Murphy, Esq.
       Michael Groh, Esq.
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 267-273-1054
       FAX: 215-525-0210
       murphy@phillyemploymentlawyer.com
       mgroh@phillyemploymentlawyer.com
       Attorneys for Plaintiff

Dated: February 24, 2025

9

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.