IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TANIUSCA SANTAMARIA,

          Plaintiff,

    v.

FRESHLY BAKED, LLC d/b/a PARIS
BAGUETTE and LCW INVESTMENT
GROUP LLC d/b/a PARIS BAGUETTE,

          Defendants.

No. 2:25-cv-00977-JMY

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Freshly Baked, LLC d/b/a Paris Baguette and LCW Investment Group LLC d/b/a Paris Baguette ("Defendants"), by their attorneys, answer the Complaint of Plaintiff Taniusca Santamaria ("Plaintiff") in accordance with the numbered paragraphs thereof as follows:

### INTRODUCTION

1.    Admitted in part; denied in part. Admitted Plaintiff purports to proceed as stated. Defendants deny they unlawfully failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), Pennsylvania Minimum Wage Act ("PMWA"), or any other statute or law.

2.    Admitted in part; denied in part. Admitted Plaintiff purports to proceed as stated. Defendants deny they unlawfully misclassified her as exempt from overtime compensation in violation of the FLSA, PMWA, or any other statute or law.

### PARTIES

3.    Admitted, upon information and belief.

4.    Denied.

5.    Denied.

1

6.    Denied.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.   Denied.

11.   Denied.

### JURISDICTION AND VENUE

12.   Admitted.

13.   Admitted.

14.   Admitted.

15.   Admitted in part; denied in part. Admitted venue in this district is proper and that Plaintiff purports to proceed as stated. Defendants deny any unlawful practices were committed in the Commonwealth of Pennsylvania or any jurisdiction.

### FACTUAL ALLEGATIONS

16.   Defendants incorporate the foregoing paragraphs here in their entirety as if set forth in full.

17.   Denied.

18.   Denied.

19.   Admitted.

20.   Denied.

21.   Denied.

22.   Denied.

23.     The averments in this paragraph are conclusions of law to which no response is required.

24.     The averments in this paragraph are conclusions of law to which no response is required.

25.     The averments in this paragraph are conclusions of law to which no response is required.

26.     The averments in this paragraph are conclusions of law to which no response is required.

27.     The averments in this paragraph are conclusions of law to which no response is required.

28.     The averments in this paragraph are conclusions of law to which no response is required.

29.     The averments in this paragraph are conclusions of law to which no response is required.

30.     The averments in this paragraph are conclusions of law to which no response is required.

31.     The averments in this paragraph are conclusions of law to which no response is required.

32.     Denied.

33.     The averments in this paragraph are conclusions of law to which no response is required.

34.     Denied.

35.     Denied.

## COUNT I
### FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME COMPENSATION

36.    Defendants incorporate the foregoing paragraphs here in their entirety as if set forth in full.

37.    The averments in this paragraph are conclusions of law to which no response is required.

38.    The averments in this paragraph are conclusions of law to which no response is required.

39.    Denied.

40.    The averments in this paragraph are conclusions of law to which no response is required.

41.    The averments in this paragraph are conclusions of law to which no response is required. To the extent a responsive pleading is required, Defendants specifically deny any actions were willful, not in good faith, and in reckless disregard of the FLSA's provisions.

42.    Denied.

Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" paragraph of her Complaint, including all subparagraphs.

## COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT
### FAILURE TO PAY OVERTIME COMPENSATION

43.    Defendants incorporate the foregoing paragraphs here in their entirety as if set forth in full.

44.    The averments in this paragraph are conclusions of law to which no response is required.

45. The averments in this paragraph are conclusions of law to which no response is required.

46. The averments in this paragraph are conclusions of law to which no response is required.

47. The averments in this paragraph are conclusions of law to which no response is required.

Defendants deny that Plaintiff is entitled to any relief sought in the "WHEREFORE" paragraph of her Complaint, including all subparagraphs.

## **<u>AFFIRMATIVE DEFENSES</u>**

1. Plaintiff's FLSA claim is barred in whole or in part by the applicable 2-year statute of limitations because Defendants' actions were not willful.

2. Plaintiff's PMWA claim is barred in whole or in part by the applicable three-year statute of limitations.

3. Throughout her employment, Plaintiff was paid a salary basis for all hours worked, and she had a clear and mutual understanding that her salary was compensation for all hours worked each week. Thus, the "half time" overtime premium is the only potential measure of compensatory damages for her overtime claims under the FLSA and PMWA.

4. Plaintiff's claim is barred, in whole or in part, to the extent that any activities that Plaintiff may have performed was (a) not compensable "work" under the FLSA and PMWA; (b) preliminary or postliminary to her principal activities, or incidental to them; (c) not an integral and indispensable part of her principal work activities; (d) performed without the actual or constructive knowledge of Defendants; and (e) de minimis.

WHEREFORE, Defendants respectfully request the Court enter judgment in their favor

and against Plaintiff, dismiss Plaintiff's Complaint on the merits and with prejudice, and award

such other relief as the Court deems just and equitable.

Dated: April 28, 2025                          Respectfully submitted,

                                               */s/ Matthew J. Hank*
                                               Matthew J. Hank (86086)
                                               mhank@littler.com
                                               Joseph M. Carr (332743)
                                               jmcarr@littler.com

                                               LITTLER MENDELSON, P.C.
                                               Three Parkway
                                               1601 Cherry Street, Suite 1400
                                               Philadelphia, Pennsylvania  19102.1321
                                               Telephone:    267.402.3054

                                               Attorneys for Defendants
                                               *Freshly Baked, LLC d/b/a Paris Baguette and*
                                               *LCW Investment Group LLC d/b/a Paris*
                                               *Baguette*

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2025 the foregoing document was filed using the United States District Court for the Eastern District of Pennsylvania ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

*s/ Matthew J. Hank*
Matthew J. Hank